■ MICHAEL M. KROSSBER et al., Appellants, v JAMES CHERNISS et al., Respondents. [3 NYS3d 813]—

Appeal from an order of the Supreme Court, Ontario County (Frederick G. Reed, A.J.), entered January 10, 2014. The order granted the motion of defendants for summary judgment and dismissed the complaint.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs, the motion is denied and the complaint is reinstated.

Memorandum: Plaintiffs commenced this action seeking injunctive relief and monetary damages based upon damage to their property allegedly caused by defendants' diversion of additional surface water onto plaintiffs' property. Supreme Court erred in granting defendants' motion for summary judgment dismissing the complaint. "A plaintiff 'seeking to recover [from an abutting property owner for the flow of surface water] must establish that . . . improvements on the defendant's land caused the surface water to be diverted, that damages resulted and either that artificial means were used to effect the diversion or that the improvements were not made in a good faith effort to enhance the usefulness of the defendant's property' " (*Villafrank v David N. Ross, Inc.*, 120 AD3d 935, 936 [2014]; *see Kossoff v Rathgeb-Walsh*, 3 NY2d 583, 589-590 [1958]). Here, defendants established that their improvements were made in good faith, but they admitted that they constructed a berm on their property, which may be considered an artificial means of diverting water (*see Long v Sage Estate Homeowners Assn., Inc.*, 16 AD3d 963, 965-966 [2005], *lv dismissed in part and denied in part* 5 NY3d 756 [2005]). Defendants thus failed to meet their initial burden of establishing that water was not diverted onto plaintiffs' property by artificial means (*see Villafrank*, 120 AD3d at 936). The issue "whether the berm 'so changed, channeled or increased the flow of surface water onto plaintiff[s'] land as to proximately cause damage[ ] to the property' " cannot be determined on this motion for summary judgment (*Long*, 16 AD3d at 965). Present—Scudder, P.J., Centra, Lindley, Sconiers and DeJoseph, JJ.